UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS SHARP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:06CV00071 AGF |
| | ) | |
| ALI S. ABDOLHOSSEINI and | ) | |
| ELICIA ABDOLHOSSEINI, d/b/a | ) | |
| ZWOLF TUR HAUS, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to remand the case to the state court in which it was filed.[1] Douglas Sharp filed this personal injury action in the Circuit Court of St. Charles County on August 26, 2005. Plaintiff sought damages for Defendants' alleged negligence in maintaining the premises of their property at which Plaintiff was a guest on May 22, 2005, when he fell down a flight of stairs, sustaining injuries and incurring medical expenses in excess of $160,000. Plaintiff asserted in his state court petition that he "was, at all relevant times, a resident of Missouri," and that Defendants were also residents of Missouri.

On January 17, 2006, Defendants filed a notice of removal, removing the action to this Court under 28 U.S.C. § 1441, which permits removal of any civil action over which

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

federal district courts have original jurisdiction, and 28 U.S.C. § 1332, which provides that district courts have original jurisdiction over actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  In the notice of removal, Defendants allege that they are citizens and residents of Missouri, and assert that the notice was filed within 30 days of their discovery that Plaintiff was a citizen of California, in that Plaintiff stated in his answers (filed on December 22, 2005) to Defendants' interrogatories that he was residing in California.

On February 13, 2006, Plaintiff filed the timely motion to remand now under consideration.  Plaintiff asserts that since Plaintiff was a citizen of Missouri when the petition was filed and Defendants are residents of Missouri, removal was not proper, as diversity is lacking.  In support of his motion to remand, Plaintiff submitted his affidavit attesting that on the date the petition was filed, he was a resident of Missouri.  Plaintiff further asserts that Defendants are accountable under 28 U.S.C. § 1447(c)[2] for Plaintiff's attorney's fees involved in preparing the motion to remand, because Defendants lacked an objectively reasonable basis for seeking removal.

On February 21, 2006, Defendants responded to Plaintiff's motion to remand.  They point to evidence in the record which they assert suggests that at the time the petition was filed in state court, Plaintiff may not have been a citizen of Missouri for jurisdictional purposes.  Defendants ask the Court to deny Plaintiff's motion for remand,

---

[2] This section provides in relevant part that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

or alternatively, to allow more time for discovery on the issue of Plaintiff's citizenship. Defendants do not challenge Plaintiff's assertion that they are citizens of Missouri – a fact which they admitted in their notice of removal.

In reply, Plaintiff argues that Defendants' claim that he was a citizen of California when the suit was filed is without any factual basis. He also again points to the fact that Defendants are residents of Missouri, and argues for the first time that Defendants are precluded from removing the action to this Court by 28 U.S.C. § 1441(b), which provides that a defendant may not remove an action to federal court based on diversity of citizenship if any defendant is a citizen of the State in which the action is brought.

This Court need not determine the citizenship of Plaintiff, in light of the unambiguous language of § 1441(b). The presence of a home state defendant is considered a jurisdictional defect and not a mere procedural irregularity. Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005); Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992). Accordingly, it is clear that this case must be remanded to state court.

The Supreme Court has recently clarified that the standard for awarding fees under § 1447(c) "should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005). Here, as Missouri citizens, Defendants did not have an objectively reasonable basis for seeking removal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand this case to state court is **GRANTED,** and this case is **REMANDED** to the Circuit Court of St. Charles County, Missouri. [Doc. #4]

**IT IS FURTHER ORDERED** that Defendants shall reimburse Plaintiff in the amount of $250 for attorney's fees associated with the motion to remand.[3] Costs shall be taxable against Defendants.

**IT IS FURTHER ORDERED** that the Rule 16 conference scheduled for April 28, 2006, is cancelled.

                                                    */s/ Audrey G. Fleissig*
                                                    AUDREY G. FLEISSIG
                                                    UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of April, 2006

---

[3] Fees in excess of this amount are not warranted as Plaintiff did not initially assert § 1441(b) as the basis for remand.